UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRASAD CHALASANI, M.D.,

        Plaintiff,

   - against -

RICHARD F. DAINES, M.D., *et al.*,

        Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-1978 (RRM)(RML)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

      Plaintiff, proceeding *pro se*, commenced this civil rights action on March 8, 2010, asserting various due process violations arising out of the events leading up to and following the rescission of his medical license.[1] (Doc. No. 2.) By motion filed December 20, 2010, all defendants moved to dismiss. (Doc. Nos. 25-28.) By Order entered December 20, 2010, the Court referred that motion to the assigned Magistrate Judge, the Honorable Robert M. Levy. On June 30, 2011, Judge Levy issued a Report and Recommendation (the "R&R") recommending that defendants' motion be granted. On July 29, 2011, plaintiff filed timely objections (Doc. No. 37), and on August 12, 2011, defendants responded thereto (Doc. No. 38).[2]

## DISCUSSION

      Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed *de novo*. *Id.*; *see Thomas v. Arn*, 474 U.S. 140,

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted on June 14, 2010. (Doc. No. 7.)
[2] On August 30, 2011, plaintiff requested and simultaneously filed a reply to defendants' opposition to his objections. (Doc. No. 40.) Defendants objected to the Court's acceptance of the reply by letter on September 7, 2011, stating - - correctly - - that Federal Rule of Civil Procedure 72(b)(2) does not provide for such a submission. (Doc. No. 41.) Nevertheless, the Court has fully considered plaintiff's reply.

149 (1985); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed. *See DiPilato*, 662 F. Supp. 2d at 339. Where an objection consists of "conclusory or general arguments", or is merely an "attempt to engage the district court in rehashing of the same arguments set forth in the original petition" clear error review is appropriate. *Id.* Even considering the lenient standard normally afforded to the objections of a *pro se* party, such as plaintiff in this case, objections must still be "specific and clearly aimed at particular findings" so as to prevent "relitigating a prior argument". *Id.* at 340. After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

While plaintiff purports to make objections to specific conclusions in the R&R, his objections consist almost entirely of a rehashing of the factual basis for his complaint, which his previous submissions set forth in great detail, or of conclusory assertions of law.[3] Nevertheless, out of an abundance of caution and given plaintiff's *pro se* status, the Court has conducted a *de novo* review of the record and has considered the R&R, Plaintiff's objections thereto as well as all of plaintiffs submissions in the record, defendants' submissions, and the relevant legal authority.

Having done so, the Court overrules all of plaintiffs' objections, and adopts in full Judge Levy's thorough, and well-reasoned analysis with the following amplification. Plaintiff's due process claim for the rescission of his medical license depends on his ability to show a violation

---

[3] Plaintiff also makes new claims and offers new facts for the first time in his objection. (*See, e.g.*, Pl. Obj. (Doc. No. 37) at 16:28-31, 18:7-11, and 23:32-40). Generally, courts do not consider such "new arguments" or new evidence "raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not" and the Court declines to do so. *See Illis v. Artus*, No. 06-CV-3077(SLT)(KAM), 2009 U.S. Dist. LEXIS 77596, at *3 (E.D.N.Y. Aug. 28, 2009) (declining to consider new arguments made in objection to an R&R).

2

of his due process rights, not the sufficiency of the evidence against him. *See Blake v. Ambach*, 691 F. Supp. 651, 655 (S.D.N.Y. 1988) ("Section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was wrong. . . ."). Prior to the suspension and ultimate revocation of plaintiff's license he had a three day hearing (Compl. ¶ 27), where he was represented by counsel (Affirmation of Rose Firestein, dated Nov. 2, 2010 (Doc. No. 28) ("Firestein Aff.") Ex. 8, at 1-2), where he testified himself, where he could produce or cross-examine witnesses (Firestein Aff. Ex. 8, at 2 & App. I), and of which he received advance notice (Firestein Aff. Ex. 8, at App. I). After the hearing committee suspended his license, he appealed to the Administrative Review Board ("ARB"), where he was represented by counsel and made written submissions. (Comp. ¶ 28; Firestein Aff. Ex. 11, at 3-4). Ultimately, when the ARB appeal resulted in the revocation of plaintiff's license, he had a right to - - and did - - appeal to the third judicial department via an Article 78 proceeding. (*See* N.Y. Pub. Health Law § 230-c(5); Compl. ¶ 43.)

  Given the extensive pre-depriviation proceedings, and plaintiff's post-deprivation right to challenge those proceedings in state court, plaintiff's few actual process complaints are

unavailing. *See Levy v. Cohen*, No. 09-CV-2734 (NGG) (LB), 2010 U.S. Dist. LEXIS 109914, at *9-11 (E.D.N.Y. Oct. 14, 2010) *aff'd* 2011 U.S. App. LEXIS 18399 (2d Cir. Sept. 2, 2011).[4]

For the reasons set forth in the Magistrate Judge's R&R, as amplified herein, defendants' motion to dismiss (Doc. No. 25) is GRANTED in its entirety.

Ordinarily leave to amend should be granted to a *pro se* plaintiff if a "liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Even under this broad standard, however, the Court may deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As here, where the problem is a "substantive" one as explained in Judge Levy's R&R, "better pleading will not cure it," and "[r]epleading would thus be futile." *Cuoco*, 222 F.3d at 112. Leave to replead, therefore, is DENIED.

## CONCLUSION

Based upon a *de novo* review of Judge Levy's thorough and well-reasoned R&R, the factual and procedural record upon which it is based, and Plaintiff's objections, the R&R is

---

[4] Also out of an abundance of caution, the Court finds that if reached, abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) would not be warranted. *See Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (*Younger* is a "prudential limitation on the court's exercise of jurisdiction"). In order for *Younger* to apply, there must be, among other factors, a "pending state proceeding." *Id*. at 75. A state proceeding remains "pending" until plaintiff "exhaust[s] all available state appellate remedies." *Kirschner v. Klemons,* 225 F.3d 227, 234 (2d Cir. 2000). Plaintiff's administrative appeal was denied on March 3, 2008 (Compl. ¶¶ 28-29; Firestein Aff. Ex. 11) and his Article 78 submission was dismissed, despite his objection, on December 9, 2009 for failure to perfect (Compl. ¶ 43; Firestein Aff. Exs. 9-10), both well before plaintiff submitted his case to federal court on March 8, 2010. Plaintiff has sufficiently exhausted his state appellate remedies. Not only is plaintiff now foreclosed from bringing an Article 78 action - - leaving him with no "unexhausted" state court remedy the Court is aware of - - but it is far from settled that an Article 78 proceeding is even required to "exhaust" all appellate remedies. *See Coastal Distrib., LLC v. The Town of Babylon*, 216 Fed. Appx. 97, 102 (2d Cir. 2007) (finding there was "no support to the proposition that the availability of an Article 78 action *after* the completion of any state administrative proceedings renders them ongoing perpetually"); *Kachalsky v. Cacace*, No. 10-CV-5413 (CS), 2011 U.S. Dist. LEXIS 99837, at *41 (S.D.N.Y. Sept. 2, 2011) (finding there were no "ongoing state proceedings" where certain plaintiffs had not commenced Article 78 proceedings); *Meachem v. Wing*, 77 F. Supp. 2d 431, 442 (S.D.N.Y. 1999) (the "availability of an Article 78 proceeding" is not "tantamount to an unexhausted appeal" because it is "not an 'appeal' but rather a new proceeding challenging a decision by an administrative body or officer"). In any event, given that plaintiff is foreclosed from proceeding in state court, there is nothing to abstain from.

adopted in all material respects. Accordingly, Defendants' motion to dismiss is GRANTED and the complaint is DISMISSED without leave to replead. The Clerk of Court is directed to enter Judgment accordingly and to close the case. The Clerk is further directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge